| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>Telephone: (720) 865-8301 | DATE FILED: November 10, 2016 7:37 PM<br>FILING ID: 2269C4274BAD1<br>CASE NUMBER: 2016CV34161 |
| **Plaintiff: SKUYA CHRISTENSEN,** individually and on behalf of all others similarly situated,<br><br>v.<br><br>**Defendant:   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.** | |
| *Attorneys for Plaintiffs:*<br>Franklin D. Azar, Reg. No. 13131<br>Tonya L. Melnichenko, Reg. No. 32152<br>Patricia Meester, Reg. No. 29523<br>Keith R. Scranton, Reg. No. 42484<br>**FRANKLIN D. AZAR & ASSOCIATES, P.C.**<br>14426 E. Evans Ave.<br>Aurora, CO 80014<br>Phone: (303) 757-3300<br>Fax: (303) 757-3206<br>azarf@fdazar.com<br>melnichenkot@fdazar.com<br>scrantonk@fdazar.com<br>meesterp@fdazar.com<br><br>Bradley A. Levin, Reg. No. 15093<br>Nelson A. Waneka, Reg No. 42913<br>Susan S. Minamizono, Reg. No. 48984<br>**LEVIN SITCOFF PC**<br>1512 Larimer Street, Suite 650<br>Denver, CO  80202<br>Phone: (303) 575-9390<br>Fax:  (303) 575-9385<br>bal@levinsitcoff.com<br>naw@levinsitcoff.com<br>ssm@levinsitcoff.com | ▲ **COURT USE ONLY** ▲<br>_____<br><br>**Case Number:**<br><br>**Division:** |
| **CLASS ACTION COMPLAINT AND JURY DEMAND** | |

Exhibit A

Plaintiff Skuya Christensen, on her own behalf and on behalf of all other similarly situated current and former insureds of Defendant State Farm Mutual Automobile Insurance Company (together, "the SF Class", "Class", or "Class Members"), by and through undersigned counsel, LEVIN SITCOFF PC and FRANKLIN D. AZAR & ASSOCIATES, P.C., brings the following Class Action Complaint against Defendant, and states and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against State Farm Mutual Automobile Insurance Company ("SF" or "Defendant"), acting by and through its managers, other agents, and employees, for engaging in a systematic scheme wherein SF setoff benefits owed and paid to Plaintiff and the Class pursuant to Uninsured and Underinsured Motorist ("UM/UIM") coverage by amounts also paid under Plaintiff's and the Class's separate Medical Payments ("MedPay") Coverage. As a result of SF's systematic scheme of reducing UM/UIM benefits by amounts paid under MedPay coverage, Defendant has violated Colorado law as described more particularly below.

2. All conditions precedent to the filing of this action have been met.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Skuya Christensen ("Plaintiff") is a resident of the State of Colorado, and during relevant times was insured under an automobile policy issued by Defendant State Farm Mutual Insurance Company.

4. Upon information and belief, Defendant State Farm Mutual Insurance Company is a corporation incorporated under the laws of the State of Illinois, with its principal place of business in Colorado listed with the Secretary of State at 1555 Promontory Circle, Greeley, Colorado 80638, and is licensed and authorized to do business and is doing business in the State of Colorado.

5. SF lists its registered agent with the Secretary of State as Corporation Service Company, 1560 Broadway, Suite 2090, Denver, CO 80202.

6. This Court has jurisdiction over the subject matter of this action and the parties hereto.

7. Pursuant to C.R.C.P. 98(c), venue is proper in this county, which Plaintiff designates as the place of trial of this action.

## GENERAL ALLEGATIONS

8. All persons providing insurance services to the public in Colorado must "be at all times actuated by good faith in everything pertaining thereto." C.R.S. § 10-1-101.

9. This duty of good faith, as enacted by the General Assembly of Colorado, is broad

and wide-ranging, extending to "everything pertaining" to the provision of insurance services to the public in Colorado.

10. Insurance carriers operating in Colorado fail to meet their duty of "good faith" if they engage in unreasonable conduct with knowledge that their conduct is unreasonable or with reckless disregard as to the unreasonableness of their conduct.

11. Defendant has a thorough and sophisticated understanding of the insurance policies they offer to the public in Colorado and of Colorado insurance law.

12. Defendant knows how Colorado insurance law affects the policies and the resulting coverage to its insureds, as well as the interrelationships among different coverages.

13. In 2007, C.R.S. § 10-4-609(1)(c) was amended, in pertinent part, as follows: "The amount of the [Uninsured Motorist/Underinsured Motorist] coverage available pursuant to this section shall not be reduced by a setoff from any other coverage, including, but not limited to, legal liability insurance, medical payments coverage, health insurance, or other uninsured or underinsured motor vehicle insurance."

14. This revised statute applies to policies issued or renewed on or after January 1, 2008. Colo. 66th Gen. Assembly, Ch. 413 (S.B. 07-256), 1st Reg. Sess. (Jun. 1, 2007).

15. Despite the clear statutory language in C.R.S. § 10-4-609(1)(c), Defendant uniformly reduces amounts paid to its insureds under their Uninsured Motorist/Underinsured Motorist ("UM/UIM") coverages by setoffs from their medical payments ("MedPay") coverages under their respective automobile policies.

16. On November 7, 2016, the Colorado Supreme Court held that the statute's use of the phrase "[t]he amount of UM/UIM coverage available" refers to the amount of coverage available on each particular claim, rather than the policy amount available "in the abstract" under the UM/UIM coverage, and confirmed that C.R.S. § 10-4-609(1)(c) bars the setoff of MedPay payments from the insured's UM/UIM claim. *Calderon v. Am. Fam. Mut. Ins. Co.,* No. 14SC494, __P.3d___, 2016 WL6585158 (Colo. Nov. 7, 2016).

17. The Colorado Supreme Court's opinion applied to C.R.S. § 10-4-609(1)(c) as it has existed since taking effect on January 1, 2008.

18. The Defendant has been in violation of the statute since its enactment.

19. At all relevant times, Plaintiff Christensen was insured by SF with a policy of insurance that included $5,000.00 of MedPay coverage and $200,000/$600,000 of UM/UIM coverage.

20. This policy constitutes a contract.

21. Plaintiff Christensen was injured by an underinsured motorist on November 6,

2014.

22. As a result of her injuries, Plaintiff Christensen submitted claims under her MedPay and UM/UIM coverages.

23. Defendant paid $5,000.00 in MedPay benefits on Plaintiff Christensen's behalf.

24. Defendant paid Plaintiff Christensen UM/UIM benefits of $16,000.00.

25. In reaching the $16,000.00 UM/UIM benefit number, Defendant explicitly subtracted the $5,000.00 SF paid in MedPay benefits from its evaluation.

26. SF confirmed this subtraction on December 22, 2015 in a letter regarding Plaintiff Christensen's claim.

## **CLASS ALLEGATIONS**

27. Plaintiff brings this action on behalf of herself and a class of similarly situated persons pursuant to C.R.C.P. 23(a) and (b). The Class consists of:

> All persons who, on or after January 1, 2008, (a) resided in the State of Colorado; (b) were or are insured under automobile policies issued by SF; (c) made claims to SF for benefits under their UM/UIM coverage for personal injuries; and (d) were awarded and/or paid amounts under UM/UIM coverage that were reduced by a setoff for medical payments or "MedPay" coverage under the automobile policies.
>
> Excluded from the Class are Defendant and its officers, director, and affiliates; members of the judiciary and their staff to whom this action is assigned; and Plaintiff's counsel and staff.

28. The members of the Class are so numerous and geographically dispersed throughout Colorado and the United States that joinder of all members is impracticable.

29. Upon information and belief, Defendant sold thousands of automobile policies in the State of Colorado between January 1, 2008 and the present.

30. Upon information and belief, Defendant reduced payments under UM/UIM coverage to the class members by setoffs from their respective MedPay coverages, ranging from $5,000 to more than $25,000 per claim, as it did with Plaintiff.

31. The precise number of Class Members may be determined with specificity from records maintained by Defendant.

32. Common questions of law and fact exist as to all members of the Class and predominate over any question solely affecting individual members of the Class. The questions of law and fact common to the Class include the following:

a. Whether Defendant reduced UM/UIM benefits to its insureds by payments made under MedPay coverage.

b. Whether Defendant breached its contractual obligations with Plaintiff and the Class Members by reducing payments under UM/UIM coverages by setoffs from MedPay coverages;

33. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff was insured under an automobile policy with both UM/UIM coverage and MedPay coverage that was issued by Defendant after January 1, 2008, and made a claim for her personal injuries under the UM/UIM coverage of said policy. Further, like other Class Members, Defendant reduced its payment to Plaintiff under her UM/UIM coverage by the amounts paid under MedPay.

34. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel who are competent and experienced in insurance litigation and complex civil litigation matters, including class actions. Plaintiff and her counsel will prosecute this action vigorously.

35. Class certification is warranted pursuant to C.R.C.P. 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since, among other things, joinder of all members of the class is impracticable. Furthermore, the amounts at stake for many Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendant. The expense and burden of individual litigation makes it impractical for all members of the class to individually seek to redress the wrongs done to them. Indeed, since the common harm involves technical issues of automobile insurance law and declaratory relief involving insurance contracts, many individual members of the class may be unaware of their rights and unable to protect themselves. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The class is readily definable from Defendant's records and will eliminate the possibility of repetitious litigation.

37. Prosecution of separate actions by Class Members would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendant.

38. Class certification is further warranted because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief

with respect to the Class as a whole. Moreover, without a class action, Defendant will likely retain the benefits of its wrong doing and will continue a course of action that denied the named Plaintiff and the Class UM/UIM benefits they are owed pursuant to Colorado law.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

39. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

40. The subject automobile policies issued by Defendant constitute contracts of insurance.

41. Plaintiff and the Class Members have complied with all terms and conditions precedent under their automobile policies, and otherwise fully cooperated with Defendant, including but not limited to by paying their premiums.

42. Defendant breached the automobile policies by failing to pay Plaintiff and the Class Members UM/UIM benefits they are or were legally entitled to receive under the policies by taking a setoff for amounts paid under separate MedPay coverage.

43. As a direct and proximate result of Defendant's breach of contract, Plaintiff and the Class Members have suffered damages in amounts to be proved at trial.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

44. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

45. This is a claim for declaratory relief pursuant to C.R.C.P. 57 and C.R.S. §§ 13-51-101, *et seq.*, the Uniform Declaratory Judgments Act.

46. Plaintiff, individually and as representative of a class, seeks a declaration of the rights and obligations of the parties to this action.

47. Entry of a judgment by the Court declaring the rights and obligations of the parties would end the uncertainty, insecurity, and controversy with respect to the rights, status, or other legal relations between and among all of the interested parties and promote the timely resolution of the remaining claims and the interests of justice.

48. For these and other reasons, Plaintiff asks the court to declare that Defendant wrongfully denied payments under UM/UIM coverage to Plaintiff and the Class Members, and that Plaintiff and the Class Members are entitled to further relief as may be appropriate under the law, including money damages.

//

//

//

//

//

//

//

//

//

//

(this space intentionally left blank)

**WHEREFORE,** Plaintiff Skuya Christensen, individually and as representative of a class, prays for judgment in her favor and against Defendant State Farm Mutual Insurance Company as follows:

(a) Certification as a Class Action pursuant to Rule 23 of the Colorado Rules of Civil Procedure;

(b) A finding that the named Plaintiff is a proper class representative of the Class;

(c) An award of compensatory damages to Plaintiff and the Class as a result of the wrongs alleged herein;

(d) An award of all interest, statutory or moratory, allowed by law;

(e) An award of reasonable attorney's fees and costs of suit herein;

(f) A declaratory judgment as set forth above; and

(g) For such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE**

Dated this 10th day of November 2016.

Respectfully submitted,

**FRANKLIN D. AZAR & ASSOCIATES, P.C.**

*s/ Keith R. Scranton*
Franklin D. Azar
Tonya L. Melnichenko
Patricia Meester
Keith R. Scranton

**LEVIN SITCOFF PC**
Bradley A. Levin
Nelson A. Waneka
Susan S. Minamizono

*Attorneys for Plaintiffs*

Plaintiff's Address:
12977 West Cedar Dr.
Apt. 204
Lakewood, CO 80228

Exhibit A