IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-03208-PAB-CBS

PATRICIA MISCHEK, individually and on behalf of all persons similarly situated,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation,

    Defendant.

## ORDER

    This matter is before the Court on defendant State Farm Mutual Automobile Insurance Company's Motion to Consolidate [Docket No. 27]. Defendant moves the Court to consolidate this case with *Skuya Christensen v. State Farm Mutual Automobile Insurance Company*, No. 17-cv-00041-PAB-KMT. Plaintiff Patricia Mischek does not oppose consolidation, but takes the position that "it would only be appropriate to consolidate discovery at this juncture, with consolidation of any other matters in these cases to be discussed at a later time after the parties can better evaluate how the matters are proceeding." Docket No. 27 at 2. Skuya Christensen, the plaintiff in the related action, states that she "does not object to the consolidation of the subject cases to the extent it is done for the purpose of discovery, if any is in fact necessary, related to the retroactivity [of the *Calderon* case]." Docket No. 30 at 1.

    Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . .

consolidate the actions." FED. R. CIV. P. 42(a)(2). Pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is warranted. D.C.COLO.LCivR 42.1. The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.,* 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2381 at 427 (2nd ed. 1995)). Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

The plaintiffs in both cases rely on the Colorado Supreme Court's decision in *Calderon v. American Family Mut. Ins. Co.*, 383 P.3d 676 (Colo. 2016), to support their argument that Colorado law bars the reduction of UM/UIM benefits based on medical payments coverage. Docket No. 5 at 3, ¶ 12; Docket No. 27-1 at 3, ¶ 16. In addition, State Farm has asserted virtually identical defenses in its answer in each case. *Compare* Docket No. 20 at 5-9 *with* Docket No. 27-5 at 9-12.

Both plaintiffs seek to certify a class of individuals who made claims under their uninsured or underinsured motorist insurance ("UM/UIM") benefits for personal injuries to State Farm Mutual Automobile Insurance Company ("State Farm") and whose

benefits were reduced by a setoff for so-called "MedPay" coverage. Docket No. 27-1 at 4, ¶ 27; Docket No. 5 at 3, ¶ 16. The *Christensen* complaint defines the putative class as follows:

> All persons who, on or after January 1, 2008, (a) resided in the State of Colorado; (b) were or are insured under automobile policies issued by SF; (c) made claims to SF for benefits under their UM/UIM coverage for personal injuries; and (d) were awarded and/or paid amounts under UM/UIM coverage that were reduced by a setoff for medical payments or "MedPay" coverage under the automobile policies.

Docket No. 27-1 at 4, ¶ 27. In similar, but not identical terms, the *Mischek* first amended complaint states that:

> The class consists of persons: (a) who were covered for UM/UIM under automobile policies issued by the Defendant in the State of Colorado; (b) who presented claims for payment of Colorado UM/UIM coverage for covered injuries occurring on or after January 1, 2008; and (c) who received UM/UIM payments in a reduced amount due to the Defendant's application of its Med-Pay Reduction Policy.

Docket No. 5 at 3, ¶ 16. The similarities between the cases is not limited to the retroactivity of *Calderon*, as Ms. Christensen suggests. Rather, in light of the similarities in discovery and other matters, the Court finds that it would promote judicial economy and would be fair to the parties in both cases to consolidate them for pretrial purposes. *See* Docket No. 31 at 2-3 (suggesting that consolidation would facilitate resolution of protective order disputes, eliminate duplicative 30(b)(6) depositions, and allow for a uniform scheduling order).

Accordingly, it is

**ORDERED** that State Farm Mutual Automobile Insurance Company's Motion to Consolidate [Docket No. 27] is **GRANTED** insofar as it requests consolidation of the

3

above-mentioned case for pretrial purposes. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 16-cv-03208-PAB-CBS and 17-cv-00041-PAB-KMT shall be consolidated for all pretrial matters up to, but not including, the final pretrial conference. It is further

**ORDERED** that the Clerk of the Court shall assign Civil Action No. 17-cv-00041 to Magistrate Judge Craig B. Shaffer. It is further

**ORDERED** that all filings shall be filed in this case only and shall be captioned as shown below:

---

Civil Action No. 16-cv-03208-PAB-CBS
    (Consolidated with Civil Action No. 17-cv-00041-PAB-CBS)

---

PATRICIA MISCHEK, individually and on behalf of all persons similarly situated,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation,

    Defendant.

---

SKUYA CHRISTENSEN, individually and on behalf of all persons similarly situated,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

DATED April 24, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge